IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

    Plaintiff,                                    Case No._____

v

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA AND ITS LOCAL 1781,

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Blue Cross Blue Shield of Michigan (herein "BCBSM") and complains of the Defendant as follows:

### Nature of Complaint

1. BCBSM brings this action pursuant to §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, to vacate or modify the Arbitration Award issued by Arbitrator Betty Widgeon in the arbitration captioned:  UAW Local 1781 and Blue Cross Blue Shield of MI, AAA Case No. 01-20-0000-5118.

### Jurisdiction and Venue

2.  This Court has jurisdiction pursuant to 29 U.S.C. §185 and 28 U.S.C. §1331. Venue is proper in this district and division pursuant to 28 U.S.C. §1391 because the events that gave rise to this claim occurred within the district.

### Parties

3.  Plaintiff BCBSM is a corporation authorized to do business in Michigan with its principal place of business located at 600 E. Lafayette Blvd., Detroit, Michigan. BCBSM is an employer within the meaning of the Labor Management Relations Act, 29 U.S.C. §152(2).

4.  Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local 1781 (hereinafter "Union") is a labor organization within the meaning of the Labor Management Relations Act, 29 U.S.C. §152(5). The Union is the exclusive collective bargaining representative for certain employees of BCBSM, including those employed at its facility located at 500 Renaissance Center, Detroit, Michigan.

### Statement of Relevant Facts

5.  BCBSM and the Union entered into a collective bargaining agreement, referred to by the parties as the Master Labor Agreement ("MLA"), with a term running from September 1, 2019 to August 31, 2023. (Exhibit 1)

6. Travis Moore, a member of the bargaining unit represented by the Union was employed at BCBSM at its Renaissance Center location as a Full Service Claims Specialist.

7. On September 5, 2019, BCBSM terminated Mr. Moore's employment under Article 8, Section 8.11.3 of the MLA which provides that "Employees shall lose their seniority and employment rights if: . . . The employee is absent for three consecutive working days without properly notifying the Company of the reasons for such absence, unless it was not reasonably possible to do so." (Exhibit 1 at pp. 56-57). This is referred to as three days of "no-call/no-show."

8. In the September 5, 2019 letter informing Mr. Moore of the termination of his employment ("Termination Letter), BCBSM stated: "You did not report to work as scheduled from Tuesday, September 3, 2019 through Thursday, September 5, 2019, nor did you call your leadership." (Exhibit 2). The Termination Letter further advised Mr. Moore that his employment was being terminated "in accordance with Article 8.11.3 of the Master Labor Agreement…." (Exhibit 2).

9. Mr. Moore had been absent without calling on three consecutive work days, September 3-5, 2019.

10. The Union challenged the termination of Mr. Moore's employment pursuant to the grievance and arbitration procedures set forth at Article 7 of the MLA. (Exhibit 1, pp. 32-41).

11. BCBSM and the Union selected Arbitrator Betty Widgeon, who heard the case on November 19, 2020. A court reporter was present at the hearing and produced a stenographic record of the proceedings.

12. At the arbitration hearing, BCBSM articulated clearly that the basis for Grievant's termination was Article 8, Section 8.11.3 of the MLA.

13. Arbitrator Widgeon issued her Decision on March 1, 2020. ("Original Decision") (Exhibit 3).

14. In the Original Decision, Arbitrator Widgeon recognized that the basis for Mr. Moore's termination was his "'failure to call in or report to work' on the days in question." (Exhibit 3 at p. 4).

15. Arbitrator Widgeon further found that "It is undisputed that Grievant did not contact the Employer on the 3rd, 4th, or 5th about his absences on those days." (Exhibit 3 at p. 5).

16. Arbitrator Widgeon concluded: "For these reasons, the Arbitrator finds the Grievant failed to comply with the parties' Master Labor Agreement with respect to his absences on September 3-5, 2019." (Exhibit 3 at p. 6).

17. Arbitrator Widgeon concluded that "the Employer sustained its burden of proving that Grievant failed to comply with the parties' Master Labor Agreement concerning his absences on September 3-5, 2019." (Exhibit 3, p. 1).

18. Notwithstanding her findings that Mr. Moore violated the MLA by failing to call or appear for work on September 3-5, 2019, Arbitrator Widgeon found that "the discipline imposed was excessive" and "reduces the termination to a 30-day suspension and orders that Grievant be reinstated with full benefits and back pay accordingly, and that the discharge be removed from Grievant's employment records." (Ex. 3 at p. 6).

19. Absent from Arbitrator Widgeon's Original Decision was any reference to or discussion of Article 8, Section 8.11.3 of the MLA, which was the contractual provision relied on by BCBSM in terminating Mr. Moore's employment.

20. Arbitrator Widgeon retained jurisdiction "for 90 days for the sole purpose of responding to questions associated with the remedy." (Exhibit 3 at p. 6).

21. After the Original Decision was issued, counsel for BCBSM submitted a question regarding the remedy, indicating: "The company does not fully understand the remedy issued, as it appears to be in conflict with the Master Labor Agreement" and referencing Article 8, Section 8.11.3 of the MLA which indicates that "Employees **shall** lose their seniority and employment rights" in the event of three days no/call-no/show. (Exhibit 1, Article 8, Section 8.11.3)(Emphasis added).

22. After initially refusing to clarify the remedy, upon a subsequent request from BCBSM, Arbitrator Widgeon advised the parties "It is not the Arbitrator's intention to impose a remedy the contradicts the requirements of the contract," and

she asked both parties to "state their positions in a final submission to AAA on whether the MLA requires an employee to be terminated if 8.11.3 is proved—and provide support for their interpretation." Further, Arbitrator Widgeon advised the parties "not address whether or not you believe 8.11.3 was proved" as that was "not the issue I am deciding at this time."

23. BCBSM and the UAW submitted responses to Arbitrator Widgeon's request on March 31, 2020.

24. On April 6, 2021, Arbitrator Widgeon issued a Modified Decision ("Modified Decision") in which she restated her finding that Mr. Moore's absences on September 3-5, 2019 were not in compliance with the MLA and modified her original Award: "On the basis of the parties' submissions regarding the application of Articles 8.11 and 8.11.3, the Arbitrator hereby modifies her Decision to conform to the requirements of the parties' MLA. Therefore the termination is sustained, and the grievance is **DENIED**." (Exhibit 4 at p. 9)(Emphasis in the original).

25. The Union contested the Modified Decision and asked Arbitrator Widgeon to vacate the Modified Award and reinstate the original, March 1, Decision.

26. Arbitrator Widgeon, in response to the Union's contest, asked BCBSM and the Union to submit statements of position as to the appropriateness of the Modified Decision, which both parties did on May 14, 2021.

27. On May 18, 2021, Arbitrator Widgeon issued an "Opinion and Order Vacating Modified Decision and Reinstating Original Decision." ("Opinion and Order")(Exhibit 5).

28. In the Opinion and Order, Arbitrator Widgeon concluded that her retained jurisdiction was limited to "responding to questions regarding the remedy" and that she lacked the jurisdiction to address the Employer's request, "even though it spoke to the essence of the Arbitrator's jurisdiction to render an award." (Exhibit 5 at p. 6).

29. In her Opinion and Order, Arbitrator Widgeon further found:

> To the extent that the Employer believes that the evidence on which the Arbitrator relied in her original decision required a different outcome, an appeal in a different venue is the appropriate available recourse, as the Arbitrator's jurisdiction to consider that possibility expired at the time of the issuance of the original decision. For these reasons, the Arbitrator finds that the Modified Decision lacked jurisdictional basis and was improperly issued. Therefore, the Modified Decision is hereby **VACATED**, and the original decision is **REINSTATED**.

(Exhibit 5 at pp. 6-7)(Emphasis in original).

## COUNT I
## Modification or Vacatur of Arbitration Award

30. Plaintiff incorporates by reference paragraphs 1-29 of this Complaint as if fully set forth hereunder.

7

31. Article 8, Section 8.11.3, of the MLA unambiguously provides that an employee "shall" lose all seniority and employment rights in the event of three days' no/call-no/show.

32. Article 7, Section 7.8.2 of the MLA states clearly: "The arbitrator shall have no authority, however, to add to, subtract from, modify or limit the provisions of this Agreement, expressly or by implication." (Exhibit 1 at p. 38).

33. Arbitrator Widgeon, in the Original Decision, found that Mr. Moore did in fact have three consecutive days of no/call-no/show on September 3-5, 2019 in violation of the MLA.

34. In the Original Decision, Arbitrator Widgeon inexplicably ignored the MLA provision that was relied on by the Employer in terminating Mr. Moore's employment, despite the fact that Article 8, Section 8.11.3 was cited by BCBSM in the Termination Letter, at the hearing, and in its Post-Hearing Brief submitted to the Arbitrator.

35. Had the Arbitrator considered and applied the contract language at Article 8 Section 8.11.3 of the MLA she would not have reduced Mr. Moore's termination to a 30-day suspension and ordered reinstatement with back pay, as evidenced by the Modified Decision wherein she denied the grievance in its entirety and sustained the termination of employment.

36. The Original Decision of Arbitrator Widgeon, which was reinstated on May 18, 2021, does not draw its essence from the MLA because it conflicts with the express terms of the MLA, imposes additional requirements on BCBSM that are not expressly provided for in the MLA, is not rationally supported by or derived from the language of the MLA, and is based on the Arbitrator's considerations of fairness and equity instead of the exact terms of the MLA.

37. The Original Decision of Arbitrator Widgeon, which was reinstated on May 18, 2021, is so untethered from the express terms of the MLA that it fails even arguably to construe or apply the MLA and represents Arbitrator Widgeon's own brand of industrial justice.

38. Ignoring completely the language of Article 8, Section 8.11.3 of the MLA makes implausible any argument that the Arbitrator was construing the MLA when she elected to alter the penalty imposed by the Employer, which penalty specifically was required by the express language of Article 8, Section 8.11.3 of the MLA.

WHEREFORE, Plaintiff seeks the following relief:

39. The Arbitration Decision issued by Arbitrator Widgeon on March 1, 2021, modified by Arbitrator Widgeon on April 6, 2021, and reinstated by Arbitrator Widgeon on May 18, 2021, be **modified** to sustain the termination of Mr. Moore's employment.

40. Alternatively, the Arbitration Decision issued by Arbitrator Widgeon on March 1, 2021, modified by Arbitrator Widgeon on April 6, 2021, and reinstated by Arbitrator Widgeon on May 18, 2021, be **vacated** and the dispute remanded to the parties for further arbitral proceedings before a new arbitrator.

41. Such other and additional relief as may be deemed appropriate by the Court.

        Respectfully submitted,

        */s/ William M. Thacker*
        William M. Thacker (P55916)
        Michael L. Dallaire (P78798)
        Dickinson Wright PLLC
        350 S. Main Street, Suite 300
        Ann Arbor, MI  48104
        (734) 623-1902
        wthacker@dickinsonwright.com
        mdallaire@dickinsonwright.com
        *Attorneys for Plaintiff*

Dated:  June 1, 2021

## **INDEX OF EXHIBITS TO COMPLAINT**

1. Master Labor Agreement, dated September 1, 2019

2. Termination Letter, dated September 5, 2019

3. Original Arbitration Decision, dated March 1, 2021

4. Modified Arbitration Decision, dated April 6, 2021

5. Opinion and Order, dated May 18, 2021